IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| JOEL I. LEWIS,<br><br>   Plaintiff,<br><br>v.<br><br>YESCARE CLIENT SERVICES, et al.,<br><br>   Defendants. | Civil Action No.:  MJM-24-2253 |

**MEMORANDUM**

Pending is self-represented Plaintiff Joel I. Lewis's Motion for Preliminary Injunctive Relief.  ECF No. 4.  For the reasons set forth below, Lewis's Motion shall be granted insofar as it seeks a preliminary injunction requiring transportation for purposes of surgery and related medical treatment.

**I.    Background**

Lewis is currently incarcerated at Jessup Correctional Institution ("JCI"), suffers from cancer, and is wheelchair-dependent. He filed a civil complaint in this matter under 42 U.S.C. § 1983 alleging that the defendants, including prison officials, violated his federal rights under the Eighth and Fourteenth Amendments to the U.S. Constitution and the Americans with Disabilities Act. ECF No. 1.

Lewis states in his Motion for Preliminary Injunctive Relief, that he has been scheduled for surgery at Johns Hopkins Hospital on February 26, 2024; April 22, 2024; and July 11, 2024; but all of these appointments were missed because he was not transported to the hospital.  ECF No. 4.  Lewis contends that he was not transported because JCI did not have a handicap-accessible van or other form of transportation that can transport inmates who are confined to a wheelchair.

*Id*. Lewis states that his pain has increased, and he is worried that the cancerous mass on his left parotid gland is worsening. *Id*.

On November 5, 2024, the Court issued an Order directing that counsel for the Department of Public Safety and Correctional Services ("DPSCS") show cause why injunctive relief should not be granted. ECF No. 8 ("Show Cause Order"). Counsel was advised to address what treatment is medically indicated for Lewis and what treatment is being provided. *Id*. at 4. Additionally, counsel was directed to include affidavits or declarations under oath from appropriate staff as well as verified records in support of their statements. *Id.* On November 19, 2024, DPSCS moved for an extension of time, which was granted. ECF Nos. 10, 11.

On November 26, 2024, Lewis filed a supplement to the Complaint. ECF No. 12. The supplement states that on November 14, 2024, he was taken to Johns Hopkins Hospital for surgery. *Id*. When he arrived at the hospital, a doctor informed him that he was there on the wrong date, that his surgery had been rescheduled to December, and that the jail had been notified that his surgeon was out of the country at the time. *Id*. Lewis attached a copy of a medical record from Johns Hopkins Medicine dated November 14, 2024, wherein Tiffany Toni, M.D. states:

> Joel Lewis . . . presented to the preoperative surgical care unit on 11/14/24 with documentation stating he is scheduled for surgery on this day. In the Epic system, it appears he had been re-scheduled for parotidectomy, rhinoseptoplasty, septal perforation repair, cadaveric rib graft, transfer ear cartilage to face, and fat graft on 12/12/2024. This information should be accessible through MyChart. Discussed with patient and security officials that he will need to re-present for scheduled surgery on 12/12/2024. I will inform his surgeons, Dr. Koch and Dr. Nellis, of this encounter.

ECF No. 12-1. Lewis contends that he was brought to the hospital on November 14, 2024, solely for the purpose of showing the Court that he was finally taken to the hospital. ECF No. 12.

On December 3, 2024, DPSCS filed a second motion for extension of time, stating that

they required additional time to gather information related to Lewis's recent supplement to the Complaint, and the motion was granted. ECF Nos. 13, 14.

DPSCS filed a response to the Show Cause Order on December 9, 2024. ECF No. 15. Attached to the response as a single exhibit are 137 pages of compiled medical records.[1] ECF No. 15-1. DPSCS states that Lewis "is a 51 years-old wheelchair dependent inmate with myriad of medical issues consisting of diabetes mellitus, seizure, chronic pain syndrome, malignant neoplasm of the parotid gland, gastroesophageal reflux, glaucoma along with a history of substance abuse." ECF No. 15 at 2. DPSCS notes that Lewis was seen for a pre-operative visit at JCI on October 18, 2024, and underwent an electrocardiogram on October 22, 2024, in preparation for surgery. *Id*. Citing the Johns Hopkins Medicine record submitted by Lewis at ECF No. 12-1, DPSCS states that Lewis was transported to Johns Hopkins Hospital for surgery on November 14, 2024, but that he was informed that the surgery was rescheduled to December 12, 2024. *Id*. On December 3, 2024, Lewis had a pre-operative examination for his scheduled December 12, 2024, surgery. *Id*. DPSCS argues that Lewis is not entitled to a preliminary injunction because he has already been provided the relief requested, transportation to Johns Hopkins Hospital on November 14, 2024. *Id*. at 6.

---

[1] The records are not accompanied by any affidavit or declaration, as directed in the Show Cause Order. *See* ECF No. 15-1 (exhibit); ECF No. 8 at 4 (directing that "[c]ounsel's Response SHALL INCLUDE affidavits or declarations under oath from appropriate staff as well as verified records in support of those statements."). Furthermore, the response cites only to the exhibit, which has no page numbers, as a whole, requiring the Court and Lewis to conduct a scavenger hunt through the records in search of the documents that purportedly support the DPSCS's response. DPSCS's filing violates Local Rules of this Court. *See* Local Rule 105.5 (D. Md. 2023) ("If any motion, memorandum, or brief is accompanied by more than five (5) exhibits, the exhibits shall be tabbed and indexed, with cross-references to the page numbers that relate to each exhibit.").

3

## II. Legal Standards

### A. Deliberate Indifference to Medical Needs Under the Eighth Amendment

Liberally construed, Lewis's Complaint alleges, in part, that he has been denied adequate medical care in violation of his constitutional rights under the Eighth Amendment. ECF No. 1. Deliberate indifference to a serious medical need requires proof that, objectively, the prisoner plaintiff was suffering from a serious medical need and that, subjectively, the prison staff were aware of the need for medical attention but failed either to provide it or to ensure it was available. *See Farmer v. Brennan*, 511 U.S. 825, 834-7 (1994); *Heyer v. U.S. Bureau of Prisons*, 849 F.3d 202, 209-10 (4th Cir. 2017); *King v. Rubenstein*, 825 F.3d 206, 218 (4th Cir. 2016); *Iko v. Shreve*, 535 F.3d 225, 241 (4th Cir. 2008). Objectively, the medical condition at issue must be serious. *See Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (there is no expectation that prisoners will be provided with unqualified access to health care); *Jackson v. Lightsey*, 775 F.3d 170, 178 (4th Cir. 2014). "A 'serious medical need' is 'one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" *Heyer*, 849 F.3d at 210 (quoting *Iko*, 535 F.3d at 241); *see also Scinto v. Stansberry*, 841 F.3d 219, 228 (4th Cir. 2016) (failure to provide diabetic inmate with insulin where physician acknowledged it was required is evidence of objectively serious medical need). Proof of an objectively serious medical condition, however, does not end the inquiry.

The subjective component requires "subjective recklessness" in the face of the serious medical condition. *See Farmer*, 511 U.S. at 839–40 ; *Anderson v. Kingsley*, 877 F.3d 539, 544 (4th Cir. 2017). Under this standard, "the prison official must have both 'subjectively recognized a substantial risk of harm' and 'subjectively recognized that his [or her] actions were inappropriate in light of that risk.'" *Anderson*, 877 F.3d at 545 (quoting *Parrish ex rel. Lee v. Cleveland*, 372

F.3d 294, 303 (4th Cir. 2004)); *see also Rich v. Bruce*, 129 F.3d 336, 340 n.2 (4th Cir. 1997) ("True subjective recklessness requires knowledge both of the general risk, and also that the conduct is inappropriate in light of that risk."). "Actual knowledge or awareness on the part of the alleged inflicter . . . becomes essential to proof of deliberate indifference 'because prison officials who lacked knowledge of a risk cannot be said to have inflicted punishment.'" *Brice v. Va. Beach Corr. Ctr.*, 58 F.3d 101, 105 (4th Cir. 1995) (quoting *Farmer*, 511 U.S. at 844). The subjective knowledge requirement can be met through direct evidence of actual knowledge or through circumstantial evidence tending to establish such knowledge, including evidence "that a prison official knew of a substantial risk from the very fact that the risk was obvious." *Scinto*, 841 F.3d at 226 (quoting *Farmer*, 511 U.S. at 842). If the requisite subjective knowledge is established, an official may avoid liability "if [he] responded reasonably to the risk, even if the harm ultimately was not averted." *Farmer*, 511 U.S. at 844; *see also Cox v. Quinn*, 828 F.3d 227, 236 (4th Cir. 2016) ("[A] prison official's response to a known threat to inmate safety must be reasonable.").

### B. Preliminary Injunction

A party seeking a preliminary injunction must demonstrate by a "clear showing" that (1) he is likely to succeed on the merits at trial; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *See Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20–23 (2008); *Dewhurst v. Century Aluminum Co.*, 649 F.3d 287, 292-93 (4th Cir. 2011). "All four requirements must be satisfied." *Cantley v. W. Virginia Reg'l Jail & Corr. Facility Auth.*, 771 F.3d 201, 207 (4th Cir. 2014) (brackets omitted); *see also Pashby v. Delia*, 709 F.3d 307, 320 (4th Cir. 2013) (noting that Fourth Circuit's prior test of balancing the factors is no longer good law in light of *Winter*).

### III. Discussion

Lewis alleges that he has cancer and other medical conditions that require surgery. ECF No. 1. DPSCS acknowledges that Lewis suffers from numerous medical conditions, including cancer. These conditions, particularly Lewis's cancer diagnosis, are objectively serious. Lewis has alleged, and DPSCS has not refuted, that surgery for his cancer has been scheduled and canceled several times because he was not transported from JCI to the hospital. The most recent surgery date of November 14, 2024, was apparently postponed by the hospital, which noted the change in Lewis's MyChart record and notified JCI staff. Nevertheless, Lewis was transported to the hospital on that date.

DPSCS argues that, because Lewis was transported to the hospital November 14, 2024, he has received the relief requested and his Motion should be denied. The Court disagrees. Lewis does not simply seek transportation to the hospital; he seeks a surgery, which requires transportation to the hospital *on the date scheduled for his surgery*. Given that Lewis has had three prior surgery dates canceled due to DPSCS's failure to transport him to the hospital, the Court finds that Lewis has shown a likelihood that he has been denied medical care in violation of his Eighth Amendment rights and, therefore, a likelihood of success on the merits of that claim. In addition, considering that DPSCS recently transported Lewis to the hospital on the wrong date, the Court finds a likelihood that, in the absence of preliminary injunctive relief, Lewis will continue to be denied treatment for his serious medical condition. Lewis has been waiting nearly a year for surgery to treat his cancer; any additional delay is likely to cause irreparable harm. The balance of equities tips in Lewis's favor because he is entitled to access to medical care and his need for it is significant. Finally, ensuring that prisoners like Lewis receive medical care consistent with their constitutional rights is in the public interest. Therefore, the Court finds that Lewis has satisfied

the requirements for preliminary injunctive relief, and his Motion will be granted as to his specific request to be transported to Johns Hopkins Hospital for his scheduled surgery on December 12, 2024, or, if the surgery is postponed by the hospital, on the date to which the surgery is rescheduled.

A separate Emergency Order follows.

  12/11/24  
Date

Matthew J. Maddox  
United States District Judge